```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


VIRGIL SAVAGE,                    )
                                  )
            Plaintiff             )
                                  )
            v.                    )    CIVIL NO. 2:11 cv 100
                                  )
DR. LEON D. FINNEY, JR.;          )
GEORGETTE FINNEY; WOODLAWN COMM.  )
DEV. CORP.; OFFICERS and BOARD    )
COLLECTIVELY and INDIVIDUALLY;    )
THE WOODLAWN ORG.; CLARENCE       )
NIXON; CLARENCE NIXON CONSULTING  )
MANNING & SILVERMAN CO.; MOARIJ   )
KHAN & RESNIK GROUP,              )
                                  )
            Defendants            )
```

                      OPINION AND ORDER

   This matter is before the court on the Motion to Strike Plaintiff's Amended Complaint for Failure to Seek Leave as Required by F.R.C.P. 15(a) [DE 42] filed by the defendant, Manning & Silverman, Ltd., on August 26, 2011, and the Motion to Strike [DE 43] filed by the defendants, Clarence Nixon and CNC Group, on August 29, 2011.  For the following reasons, the motions are **DENIED.**

                           Background

   The plaintiff, Virgil Savage, filed his complaint in state court on February 4, 2011.  The defendants removed this matter to federal court on March 17, 2011.  On March 25, 2011, Manning & Silverman, Ltd., filed an answer.  The defendants, CNC Group, LLC

and Clarence Nixon, filed motions to dismiss or, in the alternative, to transfer venue and for a more definite statement on March 31, 2011. On April 6, 2011, Woodlawn Community Development Corporation filed a motion to dismiss for improper venue, or alternatively, to transfer, to dismiss Count III, to dismiss the WCDC defendants in their individual capacities, and for a more definite statement. Savage's attorney, John H. Davis, was unable to access the court's electronic filing system when the case first was removed and never received notice that any defendant had filed anything other than a motion to dismiss, transfer, and for a more definite statement. Davis represents that he never received a copy of Manning & Silverman's answer via U.S. Mail.

On August 15, 2011, Savage filed an amended complaint without seeking leave of court. Savage's amended complaint set forth two additional counts against all defendants. The defendants, Manning & Silverman, CNC Group, and Clarence Nixon, move to strike Savage's amended complaint for failure to seek leave of court as required by Federal Rule of Civil Procedure 15(a).

## Discussion

Motions to strike generally are disfavored, but may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989);

2

***Doe v. Brimfield Grade School***, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992). An amended pleading may be stricken for failure to comply with the Federal Rules of Civil Procedure, specifically Rule 15(a). *See* ***Videojet Systems Intern., Inc. v. Inkjet, Inc.***, 1997 WL 124259, *6-7 (N.D. Ill. March 17, 1997). Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

For purposes of the rule, a motion to dismiss does not constitute a responsive pleading. ***Foster v. DeLuca***, 545 F.3d 582, 583-84 (7th Cir. 2008).

The plaintiff may amend his pleading at any time after a motion to dismiss is filed, as a matter of right, provided it precedes the answer. *See* ***Foster***, 545 F.3d at 584. After an answer is filed, the plaintiff must seek leave of court to amend his complaint if more then 21 days have passed since he served his complaint. Leave to amend a pleading is "freely given when

3

justice so requires." Rule 15(a). Permission to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The defendants move to strike Savage's amended complaint for failure to comply with Rule 15(a). Manning & Silverman filed its answer on March 25, 2011, and more than 21 days later, Savage filed an amended complaint without seeking leave of court. In his response, Savage acknowledges his failure to comply with Rule 15(a), explaining that he was unaware that Manning & Silverman filed an answer prior to filing its motions to dismiss. Savage asks the court for leave to amend his complaint nunc pro tunc. The defendants did not file a response in objection. Although the proper action would have been for Savage to file a motion to amend, the defendants were afforded an opportunity to oppose Savage's request, and did not object.

The court finds no reason to deny Savage's request. Savage made a timely request, and this matter is not so procedurally advanced to cause the defendants prejudice. The court has yet to hold a Rule 16(b) conference, and discovery has not commenced. In the interests of justice and efficiency, the court **DENIES** the defendants' motions to strike, [DE 42, 43] and **GRANTS** Savage leave to amend his complaint nunc pro tunc. See *Fausset v.*

*Mortgage First, LLC*, 2010 WL 1212085, *4 (N.D. Ind. March 23, 2010)(declining to strike pleading where party failed to seek leave to amend).

ENTERED this 19th day of October, 2011

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge